**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HENRY CHARLES DAVIS,

        Petitioner,

v.

        CASE NO. 2:07-CV-11900
        HONORABLE ARTHUR J. TARNOW
        UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION TO DISMISS AND COMPELLING ANSWER ADDRESSING PETITION'S MERITS AND PRODUCTION OF THE RULE 5 MATERIALS**

Petitioner has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his state court convictions for extortion, conspiracy to accept earnings from a prostitute, pandering, conspiracy to commit prostitution, enticing a female under the age of sixteen, kidnapping, first-degree criminal sexual conduct, and transporting a female for purposes of prostitution. Respondent has filed an answer, which is construed as a motion to dismiss on the ground that petitioner has failed to exhaust all of his claims in the state courts. Petitioner has filed a reply to the answer, in which he argues that he has exhausted all of his claims.

For the reasons stated below, the Court will deny respondent's motion to dismiss the petition on exhaustion grounds and will order that an answer addressing the merits of the petition be filed in this matter within thirty days of the Court's order. Respondent is also ordered to submit the Rule 5 materials by that date as well.

**I. Background**

Petitioner pleaded guilty to the above convictions in the Wayne County Circuit Court in four separate case files. The convictions were affirmed on appeal by the

1

*Davis v. Lafler,* 07-11900

Michigan Court of Appeals. *People v. Davis,* Nos. 259345, 259400, 259401, 259402 (Mich.Ct.App. April 18, 2005, May 2, 2005). The Michigan Supreme Court denied petitioner's application for leave to appeal, but remanded the case for modification of some of petitioner's sentences. *People v. Davis,* 474 Mich. 944; 706 N.W.2d 200 (2005); *cert. den.* 547 U.S. 1116 (2006).

After re-sentencing, petitioner filed another application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Davis,* No. 275419 (Mich.Ct.App. May 4, 2007). Petitioner filed an application for leave to appeal to the Michigan Supreme Court. On February 19, 2008, the Michigan Supreme Court ordered that the cases be again remanded to the Wayne County Circuit Court to amend the sentences to reflect that petitioner's sentences from his four separate cases were to run concurrently with one another. *People v. Davis,* 744 N.W. 2d 135 (2008).

While his re-sentencing appeals were still pending, petitioner filed the instant petition, in which he seeks habeas relief on the following grounds:

> I. The trial court abused its discretion in denying defendant-appellant's motion to withdraw his plea which was brought on the basis that it was involuntarily, unknowingly, and unintelligently given.
>
> II. The trial court abused its discretion in denying defendant-appellant's motion to withdraw his guilty plea which was brought on the basis of actual innocence.
>
> III. Defendant has been denied his constitutional right not to be placed in double jeopardy by his conviction of two counts of prostitution and pandering based on the same transaction.
>
> IV. Because competency is an ongoing concern, Mr. Davis should be allowed to withdraw his guilty plea where there were strong indicators that he was not competent to have plead guilty at the time of the plea and defense counsel was ineffective for failing to request a forensic evaluation and request an independent psychiatric evaluation before recommending that defendant plead guilty.

2

*Davis v. Lafler,* 07-11900

Respondent contends that the petition must be dismissed without prejudice because petitioner did not exhaust his state court remedies with respect to his third and fourth habeas claims. Respondent contends that these claims are unexhausted because petitioner did not present them to the Michigan Court of Appeals on his direct appeal, raising them for the first time before the Michigan Supreme Court.

Petitioner has filed a reply, in which he contends that he did attempt to raise these claims before the Michigan Court of Appeals by raising them in his *pro se* supplemental brief on appeal which was filed on petitioner's behalf by appellate counsel pursuant to Michigan Supreme Court Administrative Rule 1981-7, Paragraph 11, but which was rejected for filing by the Michigan Court of Appeals.

## II. Discussion

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. *See Turner v. Bagley,* 401 F. 3d 718, 724 (6th Cir. 2005). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Hafley v. Sowders*, 902 F. 2d 480, 483 (6th Cir. 1990).

*Davis v. Lafler,* 07-11900

A claim is fairly presented, for purposes of the exhaustion requirement, when it is presented at the first possible opportunity within "'one complete round' of the state's appellate review system." *Caver v. Straub*, 349 F. 3d 340, 346 (6th Cir. 2003). In determining fair presentation, "less stringent standards and active interpretation ... are afforded to the filings of pro se litigants." *Id*. at 347.

Moreover, the fact that a state court does not address the merits of a claim does not preclude a finding of exhaustion. *Rudolph v. Parke*, 856 F. 2d 738, 739 (6th Cir. 1988). Whether an exhaustion requirement has been satisfied cannot turn upon whether a state court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in state court. *Smith v. Digmon*, 434 U.S. 332, 333 (1978).

In the present case, it is uncontroverted that petitioner attempted to raise his third and fourth claims before the Michigan Court of Appeals in his *pro se* Rule 11 supplemental brief. Petitioner's attempt to raise these claims before the Michigan Court of Appeals in his Rule 11 supplemental brief was sufficient to present his claims to that court for the purposes of satisfying the exhaustion requirement. *See Cottenham v. Jamrog*, 248 Fed. Appx. 625, 633-34 (6th Cir. 2007); *See also Bray v. Cason,* No. 2005 WL 3579167, * 3-4 (E.D. Mich. December 29, 2005). The Michigan Court of Appeals returned petitioner's Rule 11 supplemental brief without explanation. The Michigan Court of Appeals' refusal to accept and address petitioner's third and fourth claims which he filed in his supplemental brief does not mean that petitioner did not fairly present the claims to the state courts. *Bray,* Slip. Op. at * 4. The Michigan Court of Appeals was given the opportunity to decide the supplemental issues, and that court

4

possessed the ability to review the claims on their merits. *Id.* The Michigan Supreme Court has expressly authorized the filing of supplemental issues by criminal defendants. *See* Administrative Order 1981-7, standard 11, 412 Mich. lxxxiv, lxxxix (1981)(explaining that, "[w]hen a defendant insists that a particular claim be raised on appeal against the advice of counsel, counsel shall inform the defendant that he or she has the right to present that claim to the appellate court in propria persona" ). Finally, respondent does not contest the fact that petitioner raised his third and fourth claims in his application for leave to appeal before the Michigan Supreme Court.

The Court concludes that petitioner attempted to fairly present his third and fourth claims to the Michigan appellate courts and has therefore satisfied the exhaustion requirement. The Court will therefore deny respondent's motion to dismiss the petition on exhaustion grounds.

The Court will therefore deny the motion to dismiss and order the respondent to file an answer that responds to the merits of petitioner's habeas claims within thirty days of the Court's order. *See Erwin v. Elo*, 130 F. Supp. 2d 887, 890-91 (E.D. Mich. 2001); 28 U.S.C. § 2243. A habeas petitioner challenging the legality of his or her state custody is entitled to a reasonably prompt disposition of his or her habeas petition. *Ukawabutu v. Morton*, 997 F. Supp. 605, 610 (D.N.J. 1998). Respondent in this case simply filed what was essentially a motion to dismiss without addressing the merits of petitioner's claims. An answer to a habeas petition is not like an answer to a civil complaint. It should respond to the allegations of the habeas petition. *Id.* at 608-09; *See also See Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996)(a motion to dismiss is generally not the appropriate pleading in response to a petition for writ of

habeas corpus; an appropriate response is an answer which responds to each allegation contained in a habeas petition). Therefore, unless a federal court grants a respondent leave to file a motion for summary judgment or a motion to dismiss, an answer to a habeas petition should respond in an appropriate manner to the factual allegations contained in the petition and should set forth legal arguments in support of respondent's position, both the reasons why the petition should be dismissed and the reasons why the petition should be denied on the merits. *Ukawabutu,* 997 F. Supp. at 609. The practice of filing "piecemeal" motions is inconsistent with the Rules Governing Section 2254 Cases in the United States District Courts, with 28 U.S.C. § 2254(b)(2), which gives district courts the discretion to consider and deny unexhausted claims on their merits, and with fundamental principles of efficient case management. *Id.* at 607.

The Court will also order respondent to file the Rule 5 materials at the time that it files its answer. This Court notes that Magistrate Judge R. Steven Whalen signed an order of responsive pleading on May 2, 2007 which required respondent to file an answer in accordance with Rule 5 of the habeas corpus rules by July 9, 2007. Respondent filed their answer on On July 9, 2007, but failed to file the Rule 5 materials. On August 29, 2007, Magistrate Judge Whalen signed a second order compelling production of the state court record. On September 20, 2007, respondent filed a motion to enlarge response time, claiming that they were unable to obtain the Rule 5 materials, because petitioner's state court file was before the Michigan Supreme Court on his appeal following his resentencing.

The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order,

*Davis v. Lafler,* 2:07-11900

on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. "When this information is required, it is the State's responsibility to provide it." *Griffin,* 308 F. 3d at 654. The general rule is that a district court must review the entire state court trial transcript in federal habeas cases, and where substantial portions of that transcript were omitted before the district court, the habeas case should be remanded to the District Court for consideration in light of the full record. *See Adams v. Holland,* 330 F. 3d 298, 406 (6th Cir. 2003). It is reversible error for a district court to fail to review the transcripts upon which a habeas petitioner's claims are dependent. *See Shaw v. Parker,* 27 Fed. Appx. 448, 450 (6th Cir. 2001).

In light of the fact that the Michigan Supreme Court remanded the matter to the Wayne County Circuit Court on February 19, 2008, the state court record should now have been returned to that court. Therefore, the Court will deny respondent's motion to enlarge response time [Dkt. # 11] and will order that the Rule 5 materials be produced in this case at the time that the supplemental answer is filed.

Finally, the Court will give petitioner forty five days from the receipt of the respondent's answer to file a reply brief to the respondent's answer, if he so chooses. Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 states that a habeas petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." *See Baysdell v. Howes,* 2005 WL 1838443, * 4 (E.D. Mich. August 1, 2005).

7

*Davis v. Lafler,* 2:07-11900

## ORDER

Accordingly, the Court **ORDERS** that respondent's motion to dismiss is **DENIED.**

The Court further **ORDERS** Respondent to submit an answer addressing the merits of petitioner's habeas claims and the Rule 5 materials within **THIRTY DAYS** of the date of this order.

**IT IS FURTHER ORDERED** that petitioner shall have **forty five days** from the date that he receives the answer to file a reply brief, if he so chooses.


        S/Arthur J. Tarnow
        Arthur J. Tarnow
        United States District Judge

Dated: April 21, 2008


I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on April 21, 2008, by electronic and/or ordinary mail.

        S/Catherine A. Pickles
        Judicial Secretary