UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY CHARLES DAVIS,

        Petitioner,

v.                                      CASE NO. 2:07-CV-11900
                                        JUDGE ARTHUR J. TARNOW
                                        UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

        Respondent.
_____/

**ORDER COMPELLING PRODUCTION OF STATE COURT RECORD**

On March 27, 2009, this court entered a Judgment (Dkt. No. 25) dismissing Petitioner Henry Davis's Petition for a Writ of Habeas Corpus, and an Order (Dkt. No. 24) denying Petitioner's Motion to Compel (Dkt. No. 18), Motion to Conduct/Produce Discovery (Dkt. No. 17), Motion Objecting to Notice of Filing of Rule 5 Materials (Dkt. No. 22), and Motion to Amend/Correct Petition for Writ of Habeas Corpus (Dkt. No. 16). On April 8, 2009, Petitioner filed a Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e) With Supporting Brief (Dkt. No. 26) and a Supplemental Brief (Dkt. No. 27). Petitioner contends that he is entitled to relief under Rule 59(e) because the court misunderstood Petitioner's double jeopardy argument, which properly understood entitles him to relief. Petitioner also contends that the court erred in concluding that the state trial court's designation of the sentences in Case No. 03-2568 as running consecutively to his sentences in Case Nos. 03-1582, 03-1583 and

03-2554 instead of concurrently was due to a typographical error. He instead asserts that the state trial court breached the plea agreement and for this reason, Petitioner argues that this court erred in denying his Motion to Amend/Correct Petition for Writ of Habeas Corpus (Dkt. No. 16) ("Motion to Amend"), which sought to add a claim that he is entitled to withdraw his no contest plea based upon this alleged breach. Finally, Petitioner argues that this court abused it discretion in denying Petitioner's Motion to Conduct/Produce Discovery (Dkt. No. 17) ("Discovery Motion").

## Double Jeopardy Claim

In his Rule 59(e) motion, Petitioner clarifies his double jeopardy argument by explaining that in Case No. 03-1583 he was convicted and sentenced to two counts of pandering in violation of M.C.L. § 750.455. The crime of pandering requires inducement on the part of a defendant to persuade or entice a female person who has never before been a prostitute to become a prostitute. *People v. Morey*, 461 Mich. 325, 329 (1999). He argues that his conviction and sentence for two counts of pandering violates the double jeopardy protection against multiple punishments for the same offense because there was only one complainant in this case, Stephanie Davis, so he could only be guilty of persuading one person to become a prostitute.

During the plea hearing and the sentencing hearing, the judge stated that in Case No. 03-1583, Petitioner was charged with and was pleading guilty to and sentenced for four counts: 1) prostitution - transportation; 2) pandering; 3) accepting the earnings of a prostitute; and 4) pandering. The factual basis for the plea was the preliminary examination testimony of Stephanie Davis. During the plea hearing, the prosecutor summarized that Ms. Davis testified that she was taken across state lines by

2

Petitioner, that Petitioner persuaded her to become a prostitute, and that she helped him bring other girls from other states to Detroit. It is not clear from this summary whether Petitioner persuaded another person in addition to Ms. Davis to become a prostitute. The State did not provide the transcripts from the preliminary examination in Case No. 03-1583 so this court is unable to evaluate Petitioner's double jeopardy claim.

The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers*, 308 F.3d 647, 653-54 (6th Cir.2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. "When this information is required, it is the State's responsibility to provide it." *Griffin*, 308 F.3d at 654. It is reversible error for a district court to fail to review the transcripts upon which a habeas petitioner's claims are dependent. *Shaw v. Parker*, 27 Fed. Appx. 448, 450 (6th Cir. 2001), *cert. denied*, 537 U.S. 951 (2002).

**Concurrent Sentencing Claim**

Petitioner argues that the state trial court breached his plea agreement when it ordered his sentences in Case No. 03-2568 to run consecutively to those in Case Nos. 03-1583, 03-1582 an 03-2554. Respondent has not provided this court with an amended judgment of sentence providing that the judgment of sentence in Case No. 03-2568 was corrected so that Petitioner's sentences run concurrently with those in the other cases pursuant to the Michigan Supreme Court's February 19, 2008 order. In this court's March 27, 2009 Order, the court relied upon the Michigan Department of Correction's Offender Tracking Information System ("OTIS"), which provides that

3

Petitioner's sentences run concurrently.

http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=469680.

## ORDER

Based upon the foregoing, the court orders Respondent to produce the transcripts from the preliminary examination in Case No. 03-1583 within thirty days of the date of this order.  The court further orders Respondent to produce evidence confirming the validity of the sentencing information on OTIS within thirty days of the date of this order.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  April 10, 2009


I hereby certify that a copy of the foregoing document was served upon counsel of record on April 10, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary