UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY CHARLES DAVIS,

        Petitioner,

v.                                      CASE NO. 2:07-CV-11900
                                        JUDGE ARTHUR J. TARNOW
                                        UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

On March 27, 2009, this court entered a judgment dismissing Petitioner Henry Davis's Petition for a Writ of Habeas Corpus (Dkt. No. 25). On April 8, 2009, Petitioner filed a Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e) With Supporting Brief (Dkt. No. 26) and a Supplemental Brief (Dkt. No. 27). Petitioner contends that he is entitled to relief under Rule 59(e) because the court misunderstood Petitioner's double jeopardy argument, which properly understood entitles him to relief. Petitioner also contends that the court erred in concluding that the state trial court's designation of the sentences in Case No. 03-2568 as running consecutively to his sentences in Case Nos. 03-1582, 03-1583 and 03-2554 instead of concurrently was due to a typographical error. He asserts that the state trial court breached the plea agreement which provided for concurrent sentencing.

In response to Petitioner's Rule 59(e) motion, this court issued an Order requiring Respondent to produce 1) the transcripts from the preliminary examination in Case No. 03-1583; and 2) evidence confirming the validity of the concurrent sentencing information that appears on OTIS.  Respondent has now produced evidence confirming that the sentences imposed for Petitioner's sixteen separate convictions are being served concurrently.  Respondent has also, after consulting with Wayne County, informed the court that he cannot produce the requested transcript because no transcript from the preliminary examination in Case No. 03-1583 was ever made.

I.

To grant a motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, there must be "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Schs.,* 469 F.3d 479, 496 (6th Cir.2006)).  While Rule 59(e) allows for reconsideration it does not permit parties to effectively "re-argue a case."  *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

### Concurrent Sentencing Claim

Petitioner argues that the state trial court breached his plea agreement which provided for concurrent sentencing when it ordered his sentences in Case No. 03-2568 to run consecutively to those in Case Nos. 03-1583, 03-1582 an 03-2554.  Respondent has provided this court with a sentencing report generated from the Michigan Department of Corrections "CMIS" system, which is used by the Department internally

to track a prisoner's sentencing information. The report demonstrates the Petitioner's sentences are being served concurrently. The state trial court did not breach the plea agreement.

## Double Jeopardy Claim

In Case No. 03-1583 Petitioner was convicted and sentenced to two counts of pandering in violation of M.C.L. § 750.455. The crime of pandering requires inducement on the part of a defendant to persuade or entice a female person who has never before been a prostitute to become a prostitute. *People v. Morey*, 461 Mich. 325, 329 (1999). He argues that his conviction and sentence for two counts of pandering violates the double jeopardy protection against multiple punishments for the same offense. Because there was only one complainant in this case, Stephanie Davis, Petitioner appears to be arguing that he could only be guilty of persuading one person to become a prostitute.

The court does not have the benefit of the preliminary examination transcript. The court believes it has enough information from the transcripts of the plea hearing and the sentencing hearing however to analyze this claim. At both hearings, the judge stated that Petitioner was charged with and was pleading guilty to and sentenced for four counts: 1) prostitution - transportation; 2) pandering; 3) accepting the earnings of a prostitute; and 4) pandering. The factual basis for the plea was the preliminary examination testimony of Stephanie Davis.

During the plea hearing, the parties laid out the factual basis for the plea. First, the prosecutor summarized Ms. Davis' testimony that she was taken across state lines

by Petitioner, that Petitioner persuaded her to become a prostitute, and that she helped him bring other girls from other states to Detroit who were forced into prostitution.

> MS. LINDSEY: Stephanie Davis will testify, and she did testify at the Preliminary Examination, that she was offered a job selling jewelry. During this time she was taken across state lines, to various states, and she helped Mr. Davis to bring girls back from the other states.
>
> And what would happen is when they would come here they would be taken to after hours clubs, be forced to dance and to strip. Being forced to have sex, fellatio and vaginal intercourse for money. That money was turned over to the defendant.

Plea Tr., p. 19 (8/28/2003) (emphasis added). While Ms. Davis was the only witness, she testified about other girls Petitioner "persuaded" to become prostitutes. One of these other girls could have served as the basis for a second pandering count. Second, the parties agreed during the plea hearing to incorporate the preliminary examination transcript by reference. *Id.* Third and most importantly, the state court asked defense counsel whether he agreed that a factual basis existed for all four counts charged, which included two counts of pandering, and counsel answered yes.

> THE COURT: Okay. Mr. Barnett [Defense counsel], do you agree that the facts, as stated by the Prosecutor, establish the offenses in Count 1, 2, 3 and 4?
>
> MR. BARNETT: Yes, sir.

*Id.* The court concludes that Petitioner's double jeopardy protections were not violated. In addition, the court notes that Petitioner's sentence for each pandering conviction –

thirteen years four months to twenty years – is not his lengthiest.  Petitioner's maximum sentences are for his convictions for kidnapping (two counts) and first-degree criminal sexual conduct (four counts) of eighteen years nine months to forty years.  Petitioner is also serving sentences of thirteen years four months to twenty years for extortion (one count), prostitution (five counts) and pandering in another case (one count), and a shorter sentence of six years eight months to ten years for enticing a minor female (one count).

Petitioner has not demonstrated (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice that would support the granting of his rule 59(e) Motion.  Accordingly, it is hereby ORDERED that Petitioner's Motion to Alter or Amend the Judgment (Dkt. No. 26) with Supplemental Brief (Dkt. No. 27) is DENIED.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  July 14, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 14, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary