UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY CHARLES DAVIS,

        Petitioner,

v.                            CASE NO. 2:07-CV-11900
                                     JUDGE ARTHUR J. TARNOW
                                     UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

        Respondent.

_____/

## THIRD ORDER COMPELLING PRODUCTION OF STATE COURT RECORD

Henry Charles Davis ("Petitioner") filed a petition for a writ of habeas corpus, which this court denied on March 27, 2009 (Dkt. No. 25).  On April 8, 2009, Petitioner filed a Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e) With Supporting Brief (Dkt. No. 26) and a Supplemental Brief (Dkt. No. 27) ("Rule 59(e) Motion").  In response, this court issued an Order Compelling Production of State Court Record (Dkt. No. 28).  Specifically, the Order required Respondent to produce 1) the transcripts from the preliminary examination in Case No. 03-1583; and 2) evidence confirming the validity of the sentencing information on OTIS.  After Respondent failed to produce the record materials in a timely manner, the court issued a Second Order Compelling Production of State Court Record (Dkt. No. 32).  On July 7, 2009, Respondent submitted evidence that confirmed that Petitioner's multiple sentences are being served concurrently.  Respondent also made the following representation regarding the transcripts:

> According to Wayne County no transcript from the
> preliminary examination in Case no. 03-1583 was ever
> made.

Response to Second Order Compelling Production of State Court Record, p. 1 (Dkt. No

34).

On July 17, 2009, Petitioner filed an objection to the State's Response and

submitted evidence that the transcript had in fact been produced (Dkt. No. 36).

Petitioner accuses Respondent of misleading the court and concealing records.

Petitioner's objections were received after the court issued an Order on July 14, 2009

which denied Petitioner's Rule 59(e) Motion (Dkt. No. 35). Petitioner has filed a Motion

for Reconsideration of the Order denying the Rule 59(e) Motion based upon his

objections to the State's Response (Dkt. No. 37).

The habeas corpus rules require respondents to attach the relevant portions of

the transcripts of the state court proceedings, if available, and the court may also order,

on its own motion, or upon the petitioner's request, that further portions of the

transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); *See also*

*Burns v. Lafler,* 328 F. Supp. 2d 711, 717 (E.D. Mich. 2004); Rules Governing § 2254

Cases, Rule 5, 28 U.S.C. foll. § 2254.

In light of the evidence submitted by Petitioner that the transcript from the

preliminary examination in case no. 03-1583 was in fact produced, the Court is not

satisfied that Respondent conducted an adequate search.

**ORDER**

Based upon the foregoing, Respondent is ORDERED to 1) search again for the transcript from the preliminary examination in Case No. 03-1583 and produce it if found; or 2) show cause as to why he is unable to comply with this Order and include a description of the dates and details of all of the searches undertaken prior to determining that the transcript is unavailable within twenty-one (21) days of the date of this Order.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  August 11, 2009

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on August 11, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary