UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY CHARLES DAVIS,

        Petitioner,

v.                                    CASE NO. 2:07-CV-11900
                                     JUDGE ARTHUR J. TARNOW
                                     UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR ACCESS TO CASE AUTHORITIES AVAILABLE ONLY IN ELECTRONIC DATABASES AND OTHER ACCESS-LIMITED PUBLICATIONS**

Henry Charles Davis ("Petitioner") filed a petition for a writ of habeas corpus, which this Court denied on March 27, 2009 (Dkt. No. 25). On April 8, 2009, Petitioner filed a Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e) With Supporting Brief (Dkt. No. 26) and a Supplemental Brief (Dkt. No. 27) ("Rule 59(e) Motion"). On July 14, 2009 this Court denied Petitioner's Rule 59(e) Motion (Dkt. No. 35). Petitioner has filed a Motion for Reconsideration of the Order denying the Rule 59(e) Motion (Dkt. No. 37), which is pending.

Petitioner has also filed a motion for access to case authorities that are available only in electronic databases such as LEXIS and WESTLAW, which he alleges he does not have access to as a prisoner. He also requests access to caselaw that appears in

certain volumes of published federal and state of Michigan cases that are not currently part of the prison library where Petitioner is incarcerated. Petitioner asks this Court to issue an order requiring Respondent's counsel to provide Petitioner with paper copies of any unreported decisions or unavailable decisions that are cited in any further pleadings. Petitioner asks this Court to do the same. Petitioner argues that if he does not have access to such authorities his ability to respond will be hampered. In the alternative, Petitioner asks this Court to order the prison librarian to provide him with paper copies of any such unreported decisions, unavailable opinions or decisions.

      This Court is concerned about the impact on the appearance of justice when an incarcerated pro se litigant like Petitioner lacks access to cases that are available only on electronic databases like LEXIS and WESTLAW, or are otherwise unavailable to Petitioner, that form the basis of a court's decision or the state's opposition, "thereby hampering the litigants' opportunities to understand and assert their legal rights." *See Lebron v.Sanders*, 557 F.3d 76, 78 (2nd Cir. 2009).[1] Because it appears that Petitioner lacks access to these electronic databases at the prison library, this Court will order Respondent's counsel to provide Petitioner with paper copies of any unpublished decisions and electronically-available-only opinions on which he or she has based or supported pleadings filed or that will be filed in this matter. Because the prison library lacks certain hard bound volumes of published cases, this Court will further order counsel for Respondent to provide paper copies of any published decisions on which he or she has relied or will rely from the following volumes, which Petitioner claims are

---

[1]This opinion amends and supersedes the original opinion cited to by Petitioner in his motion.

unavailable at his prison library:

    The United States Supreme Court Reporter, Volumes 1- 89 (prior to 1970);

    Federal Reporter, 2nd Series, Volumes 1-420 (prior to 1970);

    Federal Supplement, Volumes 1-360 (prior to 1970);

    Michigan Reports, Volumes 1-377 (prior to 1986); and

    Michigan Appeals Reports, Volumes 1-147 (prior to 1986).

The Court will similarly produce paper copies of cases on which it has relied that are unavailable to Petitioner.

## ORDER

Based upon the foregoing, the motion for access to case authorities is GRANTED.  Within seven (7) days of the date of this Opinion and Order, Respondent's counsel shall provide Petitioner with paper copies of any unpublished decisions and electronically-available-only opinions to which he or she has cited or may cite in Respondent's pleadings in this matter, as well as any published decisions from the volumes listed above that are not available to Petitioner.  The Court will do the same.

        S/Arthur J. Tarnow
        Arthur J. Tarnow
        United States District Judge

Dated:  August 11, 2009

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on August 11, 2009, by electronic and/or ordinary mail.

        S/Catherine A. Pickles
        Judicial Secretary